**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| KATHERINE REES, an individual; | ) | 2:10-cv-00159-HDM-PAL |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

      Before the court is defendants' motion for partial summary judgment on plaintiff's state law tort claims (#13). Plaintiff has opposed (#17), and defendant has replied (#18). Plaintiff filed her complaint on February 5, 2010 (#1). She filed her amended complaint on February 8, 2010 (#6). Plaintiff served defendants their first notice of plaintiff's claims on March 12, 2010. (Def. Mot. Partial Summ. J. ¶ I. B.; Geinzer Aff.; Pl. Opp'n ¶ A.) The parties agree this court has pendant jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (Pl. Am. Compl. ¶ 4; Def. Mot. Partial Summ. J. ¶ I. A.)

1

     Plaintiff's claims arise from a traffic stop on February 5, 2008, during which plaintiff alleges defendants used excessive force.  Plaintiff claims civil rights violations pursuant to 42 U.S.C.A. § 1983, and she asserts six state law tort claims: (1) negligence; (2) negligent supervision and training; (3) battery; (4) false imprisonment; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress.  (Pl. Am. Compl. ¶¶ 37-64.)

     Defendants argue that plaintiff's state claims are time barred under Nevada's notice of tort claims provision, N.R.S 41.035(2).  Nevada's notice statute requires that any plaintiff bringing a suit in tort against a state political subdivision must file a claim with that subdivision's governing body within two years after the time the cause of action accrues.  Plaintiff filed her first notice to defendants on March 12, 2010 (Pl. Opp'n ¶ A.), four weeks and four days after the statutory period expired.  Plaintiff argues the notice statute is constitutionally invalid on Fourteenth Amendment equal protection and due process grounds.

     Pursuant to Federal Rule of Civil Procedure 56, summary judgment may only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141

F.3d 1373, 1378 (9th Cir. 1998). "The district court may determine whether there is a genuine issue of fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001).

Where a question of law alone has been presented on a motion for summary judgment, a court may exercise discretion in deciding whether the judgment should be postponed, and the motion thereby denied, in cases where the court regards the record as inadequate. *Virgil v. Time, Inc.*, 527 F.2d 1122, 1131 n.15 (9th Cir. 1975), *cert. denied,* 425 U.S. 998 (1976). Even though there may not be an issue of material fact as to plaintiff's compliance with the notice requirement, the court will defer consideration of this motion so as to consider all claims, facts, and legal issues together at the close of discovery. Defendants' motion for partial summary judgment is therefore **DENIED** without prejudice, to be renewed at the close of discovery.

**IT IS SO ORDERED**.

DATED: This 14th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

3